MARGARET WATKINS, APPELLANT, v. THE ATLANTIC AVENUE RAILROAD COMPANY OF BROOKLYN, RESPONDENT.

*Negligence — when a question for the jury.*

While one of the defendant's cars was passing down a street, in the city of Brooklyn, a horse and wagon coming down a street at right angles with the street over which the car was moving ran into it and injured the plaintiff, a passenger therein, who brought this action to recover the damages sustained thereby. The wagon was coming at a rapid rate of speed, and could have been seen, when the car reached the line of the intersecting street, at the distance of 250 feet. There was no evidence that its rate of speed increased before the collision, which occurred just before the car reached the further side of the said street. The car might have been stopped in twelve feet.

*Held,* that it was error to direct a nonsuit, and that the question whether it would not have been prudent for the driver, under the circumstances, to have stopped the car should have, been submitted to the jury.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

This action was brought to recover $15,000 damages alleged to have arisen from injuries received by plaintiff while a passenger in defendant's car.

It appeared that on January 2, 1878, at mid-day, the plaintiff took one of defendant's cars as a passenger. The car was one of the line which passes from Atlantic avenue, northerly, through Boerum street to Fulton avenue, in Brooklyn. At the crossing of Boerum and Schermerhorn streets, a collision occurred between the car and a grocery wagon, drawn by one horse.

The testimony of all the witnesses showed that the wagon was coming very rapidly, and that it struck the car with very great violence. The collision occurred as the car was near the second or northerly foot-crossing. The car, as it came to the first crossing, was going at ordinary speed.

Other witnesses testified that the driver could have seen the wagon before his car had come within twenty feet of the southerly curb of Schermerhorn street, and before it had come within forty feet of the point of collision; also, that he could have stopped his car within ten or twelve feet of the point at which he first saw the team.

*Alfred C. Chapin*, for the appellant.

*B. F. Tracy*, for the respondent.

PRATT, J. :

When the defendant's car reached the line of the intersecting street the horse and wagon were visible, about 250 feet away, coming at a rapid rate. There is no evidence that its rate of speed increased; yet before the car crossed the narrow street (thirty feet), the collision occurred. The car might have been stopped in twelve feet. Had that been done it is nearly certain the collision would not have taken place.

Ordinarily, the driver of a horse car would have no reason to apprehend danger from a wagon 250 feet away, and might well suppose himself justified in pursuing his route without reference to it. But, in the case at bar, where the team was proceeding at such a rate as to show that it was without control, or that no reliance could be placed upon the discretion of its driver, perhaps the prudent course for defendant's driver to pursue would have been to stop his car and let the wagon pass in front.

Carriers of passengers are held to a high degree of care, and we think in this case the question whether such care was exercised should have been submitted to the jury.

New trial granted, costs to abide event.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.